THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WILLIAMS, Appellant.— GREENBLOTT, J. Appeals from a judgment of the County Court of Chemung County, rendered February 19, 1969, convicting appellant of the crime of criminally selling a dangerous drug in the second degree, and from an order of that court entered February 27, 1970 denying defendant's application for a new trial. Appellant raises, *inter alia*, the following contentions: (1) the trial court abused its discretion in permitting the witness Kababjian to testify as an expert in the field of chemical analysis; (2) the trial court committed reversible error in refusing to charge that the jury had a right to assume that one Rufus White was not called as a witness because if he testified, he " would have given a truthful version of what occurred or a version contrary to the stories told by the prosecution witnesses "; and (3) that his application for a new trial should have been granted. The trial court properly received the testimony of the witness Kababjian. He was allowed to identify as heroin the contents of two envelopes purchased from appellant. A college graduate with a major in chemistry, he had received on-the-job laboratory training from senior chemists over a period of ten years. During this period, he performed approximately 1,000 tests for the presence of heroin and it is evident that his education and experience properly qualified him as an expert witness (*Meiselman* v. *Crown Hgts. Hosp.*, 285 N. Y. 389). We reject appellant's contention that the failure of respondent to call Rufus White, an alleged informer, as a witness warrants a charge that the informer's testimony would have been contrary to that of other prosecution witnesses. Failure to call a witness within a party's control merely permits the trier of the fact to give greater weight to uncontradicted evidence already in the case. It does not warrant speculation " as to the testimony which might have been adduced by

one not called " (*Robinson* v. *City of New York*, 5 A D 2d 197, 199). Moreover, since representatives of the State Police had unsuccessfully attempted to contact White, a man with a criminal record, whose whereabouts at the time of trial were unknown, he was obviously not a witness within respondent's control. The order denying a new trial on the grounds of newly discovered evidence is not appealable. The right of appeal is statutory only, and absent a specific authorizing statute, no appeal can be taken (*People* v. *Trezza*, 128 N. Y. 529). Section 517 of the Code of Criminal Procedure authorizes appeals solely from orders which deny applications for a writ of error *coram nobis* or from judgments of conviction. Since a writ of error *coram nobis* may not be invoked for newly discovered evidence, particularly where it " touches exclusively the merits of the issue actually tried and determined by the judgment", no independent appeal lies from the order of the court. (*People* v. *Palumbo*, 282 App. Div. 1059). Appellant's appeal from the judgment of conviction raises for review any " decision of the court in an intermediate order or proceeding forming a part of the judgment-roll " (Code Crim. Pro., § 517, subd. 3). Since the motion for a new trial was not made until eight months after the judgment was entered, the order denying the motion was not a part of the judgment-roll (see Code Crim. Pro., § 485) and is therefore not reviewable upon appeal from the judgment of conviction. The remainder of appellant's contentions have been examined and found to be without merit. Judgment affirmed. Appeal from order entered February 27, 1970 dismissed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.