OPINION OF THE COURT
Jasen, J.
We are asked on this appeal whether the trial court erred in granting defense counsel’s motion to be relieved on the ground that he had previously represented the People’s confidential informant, and rejecting counsel’s subsequent request, three days later, to be reinstated.
This criminal prosecution arose from the participation of defendant, Jose Tineo, in a scheme to sell heroin to an undercover police officer during October and early November of 1978. *534 Defendant was arrested on November 16, 1978, and the indictment, filed on November 22, 1978, charged defendant and a coconspirator with two counts of criminal sale of a controlled substance in the first degree, one count each of conspiracy in the second degree and criminal sale of a controlled substance in the second and third degrees, and six related counts of criminal possession of a controlled substance in various degrees.
On January 4, 1980, during a pretrial hearing which was to precede the selection of a jury, defendant sought to discharge his retained attorney, Kenneth Linn. Defendant contended that Linn was “not cooperating” and had “done nothing” for him. The court denied the motion, noting that defendant had not previously voiced dissatisfaction with counsel, defense counsel was capable and had thoroughly prepared for trial, and the motion, made on the eve of trial, was a dilatory tactic. On the morning of January 7, 1980, Linn informed the court that a confidential informant would testify at trial on behalf of the People and that Linn had previously represented the informant. Linn advised the court that there could very easily be a conflict of interest, and requested that the court relieve him as defense counsel. Upon Linn’s own application, the court “reluctantly” relieved Linn.[1] Although present in court, defendant did not object to the removal of his retained lawyer.
On January 10,1980, Frederick Seligman appeared as defendant’s assigned lawyer, and asserted that he was “ready, willing, and able to proceed” provided that he secured a continuance of one or two weeks. Linn and Seligman informed the court of defendant’s objection to representation by Seligman, and Linn informed the court that he had reassessed his earlier position and now sought to be reinstated as defense counsel. Linn, who never unequivocally stated that he had no confidential information derived from his prior relationship with the informant, asserted that any potential conflict of interest resulting from his previous representation of the confidential informant could be avoided by limiting his cross-examination of the informant to *535 matters contained in the informant’s criminal record (“rap sheet”). The court, in response to Seligman, noted that defendant had made an application on the previous Friday to have Linn removed or relieved. The prosecutor objected to reinstatement of Linn based on his view that “it’s a clear conflict of interest for an attorney to be cross-examining a former client while he is representing him as an attorney.”[2] The record does not reveal whether or not the confidential informant had a view as to Linn’s removal.
In response to Seligman and Linn, the court observed that “trial delay” would result from removal, the reason for relieving him must be a “very important issue”, potential prejudice could result if “Linn knew something about the confidential informant that he learned from his relationship as an attorney”, and the court and parties had advance knowledge of the potential conflict.[3] Defendant supported Linn’s application for reinstatement, stating that he was no longer dissatisfied with his representation and thought that Linn was “more familiar with the case” than Seligman, further delay would be undesirable, and Linn had already been paid for his services. The court adhered to its earlier decision relieving Linn, but permitted Linn to assist with the defense, if Linn wished, albeit in a position other than attorney of record.
Defendant, dissatisfied with assigned counsel, represented himself at certain pretrial hearings and at trial. Assigned counsel Seligman, acting as legal advisor to defendant, also participated in the proceedings. Supreme Court, New York County, convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the first degree and lesser related offenses, and sentenced him to concurrent terms of imprisonment with a maximum of life imprisonment and a minimum of 15 years imprisonment. The Appellate Division, First Department, affirmed the judgment, without opinion, and leave to appeal was granted by this court. For the reasons that follow, the order of the Appellate Division should be affirmed.
On appeal to this court, defendant claims that the trial court’s order relieving his retained attorney was error. Notably, he makes no argument that he was deprived of effective assistance of counsel at trial, only that he was deprived of counsel of *536 his choice.[4] This alleged error is not preserved for our review as defendant did not voice any objection to his attorney’s application to be relieved as defense counsel. The only question properly before us is whether the trial court correctly denied, in its discretion, defendant’s request to reinstate his former counsel to defend him.
There can be little doubt that the right to counsel, as guaranteed by both the State and Federal Constitutions (NY Const, art I, § 6; US Const 6th amend) incorporates the right of a criminal defendant to representation by an attorney of his own choosing (People v Arroyave, 49 NY2d 264, 270; Chandler v Fretag, 348 US 3, 9) and that judicial restriction or governmental intrusion upon the exercise of this fundamental right will be carefully scrutinized (United States v Hobson, 672 F2d 825; Matter of Abrams [John Anonymous], 62 NY2d 183, 196). The constitutional contours of an individual’s right to select an attorney of his own choice, prior to the commencement of a criminal proceeding, have been recently explored in Matter of Abrams (John Anonymous) (supra).[5] In that case, we held that until defendants are charged with a crime, they are free, absent a clear showing of extraordinary circumstances or overriding public necessity, to employ the attorney or attorneys of their choice without judicial interference. (Matter of Abrams [John Anonymous], 62 NY2d 183, 200, supra.) The right to counsel of choice is not diminished once the criminal action has been commenced. However, when the case is pending in the courts, a request to change counsel previously retained or assigned must be addressed to the Trial Judge’s discretion to insure that the defendant’s purported exercise of the right does not serve to delay or obstruct the criminal proceedings. (People v Arroyave, 49 NY2d 264, supra, at p 271.) That discretion is especially broad when the defendant’s actions with respect to counsel place the court in the dilemma of having to choose between undesirable alternatives, either one of which would theoretically provide the defendant with a basis for appellate review.
Under the circumstances present in this case, it cannot be said, as a matter of law, that the trial court abused its discretion upon granting defense counsel’s motion to be relieved or denying *537 the said counsel’s subsequent motion for reinstatement. Linn’s own motion to be relieved was made on the eve of trial, supported by his own assertion that a conflict of interest could very easily arise, and not contested by defendant. Under these circumstances, the trial court did not err, as a matter of law, in granting Linn’s application to be relieved. Nor did the trial court err in denying Linn’s motion for reinstatement. It is no abuse of discretion for a trial court, acting on the eve of trial, to consider the interests of judicial economy, the integrity of the criminal process, and continuous vacillation of both defendant and counsel, in denying a motion for reinstatement. (People v Arroyave, 49 NY2d 264, 270, 273, supra.)[6]
Accordingly, the order of the Appellate Division should be affirmed.

. The court relieved Linn in the following manner:
“the court: * * * I learned this morning that there is a confidential informant in the case and I also learned that Mr. Linn, the attorney for Mr. Tineo, has previously represented, as an attorney, the confidential informant; and, since the confidential informant is going to testify in this case, as I am advised, there could very easily be a conflict of interest, and, under those circumstances, Mr. Linn, on your own application, I’m going to relieve you.
“mr. linn: Yes.
“the court: I do it reluctantly because it means postponing the case. However, I’m going to put the case down for Thursday, Mr. Linn.
“mr. linn: Yes, sir.”

. While the confidential informant’s case was still pending, Linn no longer represented the informant at the time of this pretrial hearing.

. This observation, of course, represents an appropriate concern for the trial delay that would necessarily arise if the conflict were to cause disqualification of counsel during the trial.

. In view of the fact that no question of effective assistance of counsel has been raised, the dissent’s assertion that “defendant was justifiably concerned with obtaining adequate representation” is superfluous.

. This court’s decision in Matter of Abrams (John Anonymous) (62 NY2d 183) was expressly limited to interference with an individual’s choice of counsel before a criminal proceeding has been commenced. (Matter of Abrams [John Anonymous], supra, at p 197, n 5.)

. The sentiments expressed by the dissent underscore the impropriety of displacing a trial court’s properly founded exercise of discretion. For example, the dissent questions the basis of the trial court’s decision to relieve Linn. Such concern is misplaced since Linn, the only individual with actual knowledge of the prejudicial impact that the prior representation of the confidential informant could have upon the instant proceeding, represented to the trial court that a conflict of interest could very easily arise. To justify defendant’s original decision to discharge Linn, the dissent hypothesizes that under the circumstances, defendant “might feel neglected” and his change of mind to retain Linn was “understandable”. It is emphatically not the function of this court to investigate the feelings or state of mind of a defendant in an effort to uncover conceivable rationalizations for his conduct. Such considerations are to be weighed by the trier of fact.