THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ELLSWORTH, Appellant.

Third Department, October 22, 1987

## APPEARANCES OF COUNSEL

*Raymond A. Kelly, Jr.,* for appellant.

*Michael Kavanaugh, District Attorney (Joan Lamb* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

On March 10, 1984 at approximately 8:20 P.M., defendant knocked at the door of the home of Kenneth Kunts in the Village of Ellenville, Ulster County. Kunts testified that when he answered the door, defendant asked for directions to Church Street. Kunts, who had lived in Ellenville for over 25 years, asked for the name of the person that defendant was attempting to find. Defendant responded that he could not remember the person's name but that the address was 32 Church Street. Kunts gave defendant directions for reaching that address. After defendant had departed, Kunts realized that 32 Church Street was a vacant lot. He thus drove to Church Street over the route he had described to defendant in an attempt to locate defendant. Unable to find defendant and believing that he might be lost, Kunts called the police when he returned home. Lieutenant Charles Slinsky testified that he responded to the call by driving a patrol car towards the Church Street area. Slinsky spotted defendant and pulled up next to him. Slinsky asked defendant if he could speak to him. Defendant responded affirmatively. However, as Slinsky spoke briefly on the car radio, defendant commenced running north on Church Street. Slinsky pursued defendant in his patrol vehicle and eventually on foot. Defendant was overtaken by Officer Glenn Vankleek who had responded to a request for help by Slinsky. A search of defendant was conducted and various items of jewelry were discovered. The jewelry was eventually identified as belonging to Ronald and Sydelle Kossar, whose home had been burglarized earlier in the evening of March 10, 1984.

Defendant was subsequently indicted and brought to trial for the crimes of burglary in the second degree and criminal possession of stolen property in the first degree. Defendant

took the stand on his own behalf and testified that he had purchased the jewelry earlier that evening from an individual whom he knew only as "Danny". The jury found defendant guilty of burglary in the second degree, but not guilty of criminal possession of stolen property in the first degree. Following sentencing, defendant filed a notice of appeal. Defendant then moved, pursuant to CPL 440.10 (1) (d) and (h), to vacate the judgment upon the ground that material evidence used against him was illegally procured and that his trial counsel's representation was ineffective. County Court denied defendant's motion without a hearing. Defendant appeals from the judgment· of conviction and, pursuant to this court's permission, from County Court's order denying his motion to vacate the judgment.

We turn first to defendant's claim that he was not afforded his constitutional right to effective assistance of counsel *(see,* US Const 6th Amend; NY Const, art I, § 6). The fairness and legitimacy of our adversarial process is dependent upon the assurance that criminal defendants have the right to counsel *(Kimmelman v Morrison,* 477 US 365, —, 106 S Ct 2574, 2583; *see, Powell v Alabama,* 287 US 45). It is hornbook law that "the right to counsel is the right to the effective assistance of counsel" *(McMann v Richardson,* 397 US 759, 771, n 14) and that a defendant is deprived of this right when his attorney fails to provide "adequate legal assistance" *(Cuyler v Sullivan,* 446 US 335, 344). The determination as to when representation falls to the level of ineffectiveness is not susceptible to precise definition or measurement *(People v Baldi,* 54 NY2d 137, 146). Thus, a court must view the totality of the circumstances to determine whether a defendant received "meaningful representation" *(supra,* at 147). If counsel's representation falls below the level of prevailing professional norms and there exists a reasonable probability that counsel's unprofessional errors had an effect on the judgment, then the minimum requirements of the US Constitution have not been met *(Strickland v Washington,* 466 US 668, 688-689).

Defendant's claim of ineffective assistance is based primarily upon counsel's failure to request a *Mapp* hearing to determine the admissibility of the evidence seized from defendant and his accompanying failure to litigate defendant's claim under the 4th Amendment of the US Constitution. This court has held that the failure to request certain pretrial hearings which a defendant may be entitled to does not necessarily constitute ineffective assistance of counsel *(see, People v Rodri-*

*guez,* 111 AD2d 524). However, the failure to pursue a 4th Amendment claim can constitute ineffective assistance when the claim is meritorious and there is a reasonable probability that the verdict would have been different absent the excludable evidence *(see, Kimmelman v Morrison,* 477 US 365, *supra).* Hence, the merits of defendant's 4th Amendment claim must be examined together with the totality of the circumstances surrounding counsel's decision not to pursue it.

Defendant's claim that the evidence seized from him should have been suppressed finds support in the Court of Appeals decision in *People v Howard* (50 NY2d 583, 586, *cert denied* 449 US 1023), where the court stated that: "An individual to whom a police officer addresses a question has a constitutional right not to respond. He may remain silent or walk or run away. His refusal to answer is not a crime. Though the police officer may endeavor to complete the interrogation, he may not pursue, absent probable cause to believe that the individual has committed, is committing, or is about to commit a crime, seize or search the individual or his possessions, even though he ran away." The court further provided that if there has been "indicia of criminal activity" then a defendant's flight would be "an important factor in determining probable cause" *(supra,* at 592). Here, the police received a call informing them that an individual was apparently lost. In pursuing that information, a police officer approached defendant and defendant fled. The People argue that there was sufficient indicia of criminal activity which, when considered with defendant's flight, render defendant's 4th Amendment claim meritless. Specifically, the People rely on the call from Kunts and the fact that Slinsky was in uniform and in a marked car.

Initially, we fail to see the relevancy of the fact that Slinsky was in uniform as that applies to defendant's right, pursuant to *Howard (supra),* to refuse to answer questions from a police officer. In *Howard,* the police had identified themselves and shown a badge. Further, the assertion that Kunts' call apprised the police of potential criminal activity is purely speculative. There is no indication in the record that Kunts informed the police of the details of his meeting with defendant. Nor is there relevant information as to Slinsky's qualifications or whether he suspected anything as a result of the call.

█ The dearth of information as to the circumstances surrounding the call and subsequent incident leading to defendant's arrest is due in large part to the fact that a suppression hearing was not conducted. The purported reason that defen-

dant's trial counsel did not seek to suppress the inculpatory evidence is that he was unaware of the pertinent law and, specifically, had not read *People v Howard (supra).* It is evident that defendant's rights, as explained in *People v Howard (supra),* may have been violated. If so, the evidence seized would be subject to suppression and there is a reasonable probability that the exclusion of this evidence would have resulted in a different judgment. Hence, we conclude that defendant was denied effective assistance of counsel.

■ Defendant further contends that the charge to the jury concerning recent and exclusive possession of stolen property was inadequate. We agree. County Court failed to properly inform the jury of the possible varying inferences established by the evidence as required by *People v Baskerville* (60 NY2d 374, 382-383).

MAHONEY, P. J., CASEY, MIKOLL and LEVINE, JJ., concur.

Judgment and order reversed, on the law, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent herewith.