■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR L. COLEMAN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 6, 1989, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

On April 6, 1988, defendant entered a negotiated plea of guilty to a reduced count of criminal sale of a controlled substance in the fifth degree in full satisfaction of an indictment which charged that crime in its third degree and other lesser drug-related offenses. The plea arose out of defendant's sale of cocaine to an undercover informant at defendant's home on July 14, 1986. Pursuant to the plea bargain, defendant was sentenced to six months' incarceration and five years' probation.

On this appeal, defendant complains of the ineffective assistance of his attorney due to the attorney's failure to make certain pretrial motions. We find this contention meritless in view of the attorney's experience, the overwhelming proof of defendant's guilt and the favorable plea bargain that defendant made *(People v Ellsworth,* 131 AD2d 109, 111; *People v Bonk,* 83 AD2d 695). As to defendant's claim of his attorney's failure to make pretrial motions, there was no basis for a *Wade* hearing, and a hearing pursuant to *People v Darden* (34 NY2d 177) was held after which County Court issued a written decision finding that the informant verified the information attributed to him in the search warrant, that the source

---

of the informant's information was from his own personal observations and from conversations with defendant, and it was found that the informant had given reliable information in the past. We agree with the determination of County Court that the test of *People v Darden (supra)* was satisfied.

We likewise find meritless defendant's claim in regard to the excessiveness of his sentence. Considering defendant's conviction of a class D felony and the seriousness of that charge, as well as defendant's favorable plea bargain, the sentence was warranted *(see, People v McAllister,* 58 AD2d 712).

Finally, although nine months elapsed between defendant's conviction and his sentencing, we do not find the delay unreasonable *(see, Matter of Braunstein v Frawley,* 64 AD2d 772, 773). Defendant's judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.