■ The People of the State of New York, Respondent, v Edward Mackey, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered August 15, 1990, convicting defendant upon his plea of guilty of three counts of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant, a predicate felon, was originally indicted by a Grand Jury on three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. In the course of plea negotiations in the matter, defendant's attorney apparently urged defendant to plead guilty to reduced charges and accept a proffered plea bargain of concurrent 2- to 4-year prison terms. Defendant refused and the matter was set down for trial. On the eve of trial, however, defendant changed his mind and decided to accept a new plea bargain which involved pleading to reduced charges of three counts of criminal sale of

a controlled substance in the fifth degree with concurrent prison terms no greater than 3½ to 7 years. Defendant duly pleaded guilty before Acting County Judge Joseph Harris. During the plea colloquy, Judge Harris specifically asked defendant if his plea was made of his own volition and if the services of his attorney were satisfactory. Defendant answered in the affirmative. A date for sentencing was set.

In the meantime, however, defendant took steps to hire a new attorney, F. Stanton Ackerman. Ackerman proceeded to bring on a motion to allow defendant to withdraw his previously entered plea of guilty. An order to show cause was signed by a different County Judge and the People opposed the motion. On May 25, 1990, the date of the previously scheduled sentencing proceeding, defendant appeared before Judge Harris with Ackerman as his counsel. Citing the longstanding difficulties associated with Ackerman appearing before him because of a past association and dispute between the two, Judge Harris disqualified Ackerman from representing defendant. Judge Harris explained that because he had been involved in defendant's case to a great extent and Ackerman was a relative newcomer, the interest of justice required disqualification of the attorney rather than the recusal of the Judge. County Court adjourned the motion, told defendant to find new counsel and directed Ackerman to return any fee already collected. An order to that effect was later entered and defendant filed a notice of appeal which was later withdrawn.

Rather than obtain new counsel, defendant ultimately attempted to bring a CPLR article 78 proceeding in the nature of prohibition in this court in an attempt to overturn the order of disqualification with respect to Ackerman. The petition was eventually dismissed, however, and defendant obtained a third attorney to represent him at a sentencing proceeding before Judge Harris. At that time defendant was sentenced as a predicate felon to concurrent prison terms of 3 to 6 years. This appeal followed.

Initially, defendant contends that the disqualification of Ackerman as his attorney impermissibly impinged on his right to counsel of his choice. At the outset, we must briefly state our disagreement with the People's argument that defendant somehow waived his right to advance this contention by virtue of the fact that his prohibition proceeding was dismissed and his appeal from the disqualification order was voluntarily withdrawn. Significantly, prohibition proceedings such as the one brought by defendant are generally dismissed

because, *inter alia,* the petitioner has an adequate remedy at law, i.e., an appeal from the final judgment of conviction *(see, e.g., Matter of Barrett v Vogt,* 170 AD2d 860; *see also, Matter of Lipari v Owens,* 70 NY2d 731, 733). Moreover, it is beyond cavil that the final judgment of conviction in a criminal matter generally brings up for review most intermediate orders *(see, e.g., People v Williams,* 34 AD2d 1046, 1047) and we see no reason why the general rule should not be followed in this instance. The right to appeal in a criminal proceeding is a statutory one and the disqualification order involved here is not one of the situations where a direct appeal may be taken as of right *(see,* CPL 450.10).

Turning to the merits, we conclude that no reversible error was committed by the disqualification of Ackerman. The difficulties pertaining to Ackerman's appearance before Judge Harris are well documented in the record and are beyond dispute. As thoroughly explained to defendant prior to the disqualification, recusal of the Judge at that time was not an appropriate remedy in that instance in light of Judge Harris' intimate involvement in the matter almost from its inception and Ackerman's status as a newcomer to the proceedings. According to defendant, Ackerman's name was simply selected from the yellow pages by chance and no improper motives existed for the choice. However, the question of motivation is not the most important issue here. What is important here as a policy matter is the avoidance of any *appearance* of improper "Judge-shopping". This principle is consistent with Opinions Nos. 511 and 574 of the State Bar Association's Committee on Professional Ethics and also the broad dictates of the Code of Professional Responsibility and the Code of Judicial Conduct. While the right to counsel is absolute, the right to specific counsel of choice is not *(see, Matter of Abrams,* 62 NY2d 183, 196). This right is flexible and will yield in the face of an "overriding competing public interest" *(supra,* at 196). Here, the interests of judicial economy, preservation of the integrity of our court system and defendant's own interest in being sentenced before a Judge familiar with his case all point in favor of Ackerman's disqualification. Since we find that the most appropriate response to a difficult situation was taken under the circumstances, we decline to disturb the disqualification order.

Defendant's remaining contentions are similarly lacking in merit. Although defendant goes to great lengths in maintaining that his original attorney in the pre-plea proceeding was incompetent, there is little proof in the record to support

these claims other than speculative, and largely self-serving, affidavits from defendant, his mother and his girlfriend. In contrast, the record does establish that defendant's first attorney made some pretrial motions and negotiated a prison sentence of 2 to 4 years that would have been extremely favorable to defendant, a predicate felon, had he chosen to take it while it was still available (see, e.g., *People v Coleman*, 157 AD2d 935, 937; *People v Strempack*, 134 AD2d 799, *affd* 71 NY2d 1015). The plea allocution reveals that defendant's plea was voluntary and he expressed satisfaction with his attorney (see, *People v Grant*, 92 AD2d 985). Notably, there is also little in the record to support defendant's claim that he was coerced by his attorney and County Court into pleading guilty. The fact that he may have been told what sentence he might be facing if he went to trial on the charged crimes and was ultimately found guilty does not, as defendant alleges, substantiate his claim that he was pressured. To the contrary, an attorney might more likely be found negligent if he or she failed to apprise the client of all possible options and scenarios available. Since the record fails to contain persuasive evidence to substantiate defendant's claims, affirmance is required.

Mahoney, P. J., Weiss, Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).