■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SEGRUE, Appellant. [710 NYS2d 466] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 25, 1998, convicting defendant upon his plea of guilty of the crime of promoting prostitution in the third degree.

Defendant was charged with two counts of promoting prostitution in the third degree based upon allegations that dancers employed at an adult entertainment establishment owned and operated by defendant were providing sexual services to customers in exchange for money. Following discovery and prior to the commencement of pretrial hearings, defense counsel notified County Court of a potential conflict of interest based upon his past and present representation of several of the dancers identified on the People's witness list. At the ensuing hearing on the issue of conflict of interest, it was disclosed that defense counsel briefly represented two of the dancers on prostitution charges stemming from their activities at defendant's establishment. It was further revealed that defense counsel currently represented one dancer in an unrelated matter, as well as several dancers and a corporation owned by defendant's codefendant in a pending Federal action arising from the enforcement of local ordinances prohibiting nude dancing. In addition, defense counsel represented several of the dancers in connection with their guilty pleas to criminal charges relating to their employment at defendant's establishment, and continued to represent them on their pending appeals from the judgments of conviction.

After considering and rejecting a number of suggested alternatives to resolving the apparent conflict, County Court advised the parties that defense counsel could proceed with his representation if defendant agreed to waive the conflict of inter-

est with respect to the listed dancers, as well as any undisclosed potential witnesses with a past or present attorney-client relationship with defense counsel. Defendant refused to waive the conflict as to one of the named dancers and as to any undisclosed potential witnesses, at which point the court disqualified defense counsel and adjourned the matter to permit defendant to obtain substitute counsel.

Defendant ultimately retained substitute counsel who vigorously represented defendant throughout the ensuing proceedings and negotiated a plea bargain whereby defendant pleaded guilty to a single count of promoting prostitution in the third degree and waived his right to appeal in exchange for an agreed-upon prison term of $1\frac{1}{3}$ to 4 years. During the plea colloquy, County Court expressly warned defendant that it could impose the maximum sentence of $2\frac{1}{3}$ to 7 years' imprisonment in the event that defendant breached the plea bargain condition which required him to close the establishment within a specified time period. It was later determined that defendant failed to comply with the plea bargain condition, at which point County Court sentenced defendant to $2\frac{1}{3}$ to 7 years in prison. Defendant appeals.

The sole contention raised by defendant on this appeal is that the disqualification of his original defense counsel violated his right to be represented by counsel of his choice. Initially, defendant's waiver of the right to appeal as a part of a knowing, voluntary and intelligent guilty plea encompassed the right to challenge the alleged denial of the right to counsel of his choice, a right which derives from the constitutional right to effective assistance of counsel (*see, People v Smith*, 271 AD2d 752; *People v Charles*, 258 AD2d 740, *lv denied* 93 NY2d 968; *see also, Matter of Abrams v Anonymous*, 120 Misc 2d 134, 141). Notably, defendant's breach of the plea agreement and the subsequent imposition of the enhanced sentence did not render defendant's waiver of the right to appeal unenforceable (*see, People v Waldron*, 257 AD2d 771). In any event, the argument has not been preserved for our review by virtue of defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction (*see generally, People v Soto*, 259 AD2d 904; *People v Epps*, 255 AD2d 840).

Nonetheless, were we to address the merits, we would find that County Court properly exercised its discretion in disqualifying defendant's original counsel inasmuch as the information presented to the court during its exhaustive three-day inquiry established a conflict of interest which would likely result in prejudice to either the prosecution or defendant. Accordingly,

we would hesitate to conclude that the court impermissibly infringed on defendant's right to counsel of his choice (*see, People v Tineo*, 64 NY2d 531; *People v Hall*, 46 NY2d 873, *cert denied* 444 US 848; *People v Gordon*, 272 AD2d 133; *People v Mackey*, 175 AD2d 346, *lv denied* 78 NY2d 969), especially since defendant's refusal to waive the conflict of interest in its · entirety "place[d] the court in the dilemma of having to choose between undesirable alternatives, either one of which would theoretically provide * * * defendant with a basis for appellate review" (*People v Tineo, supra*, at 536).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.