THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GRAY, III, Appellant. [801 NYS2d 455]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered November 7, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). Contrary to the contention of defendant, he was not deprived of due process of law when County Court substituted assigned counsel against defendant's wishes. The right of a defendant to counsel of his or her choice is not absolute (see Wheat v United States, 486 US

153, 159 [1988], *reh denied* 487 US 1243 [1988]). That right will yield where, as here, there is an "overriding competing public interest" (*Matter of Abrams [John Anonymous]*, 62 NY2d 183, 196 [1984]; *see People v Mackey*, 175 AD2d 346, 348 [1991], *lv denied* 78 NY2d 969 [1991]). Here, defendant's first assigned counsel was being prosecuted for tampering with a witness in another case in the same county, and the court thus was faced with "the dilemma of having to choose between undesirable alternatives, either one of which would theoretically provide the defendant with a basis for appellate review" (*People v Tineo*, 64 NY2d 531, 536 [1985]). We conclude that the court properly exercised its discretion in substituting assigned counsel under the circumstances of this case (*see generally People v Segrue*, 274 AD2d 671, 672-673 [2000], *lv denied* 95 NY2d 908 [2000]; *People v Gordon*, 272 AD2d 133 [2000], *lv denied* 95 NY2d 890 [2000]; *Mackey*, 175 AD2d at 348). Defendant failed to preserve for our review his contention that the court failed to provide him with an explanation for the substitution (*see* CPL 470.05 [2]). The record establishes that, although the explanation for the substitution was not placed on the record in open court at the time of the substitution, the court stated that defendant would be provided with an explanation. Defendant did not thereafter object to the substitution on the ground that no explanation was provided, nor is there otherwise any indication in the record that no explanation was provided.

Defendant failed to preserve for our review his further contention that his plea of guilty was coerced (*see People v Santalucia*, 19 AD3d 806 [2005]; *People v Thompson*, 4 AD3d 785 [2004], *lv denied* 2 NY3d 808 [2004]), and the narrow exception to the preservation requirement is not applicable here (*see People v Williams*, 6 AD3d 1149 [2004], *lv denied* 3 NY3d 650 [2004]; *see generally People v Lopez*, 71 NY2d 662, 666 [1988]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.