■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR ORTEGA, Also Known as CARLOS BENCOSME, Appellant. [836 NYS2d 144]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered April 22, 2002, as amended July 14, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of eight years, and order, same court (Edward J. McLaughlin, J.), entered July 17, 2006, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

In 1992, the court denied defendant's suppression motion after a hearing. Defendant pleaded guilty in 1993, and absconded while awaiting sentencing. Meanwhile, the officers who testified at the hearing were implicated in an investigation of corruption involving the 30th Precinct. One officer was convicted of perjury, and the other dismissed from the Police Department for making false statements.

Initially, we reject the arguments raised on defendant's direct appeal. We conclude, based on the record of the suppression hearing, that the court properly denied the suppression motion. The evidence established a lawful traffic stop followed by a plain view observation of drugs. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). Defendant's additional argument concerning the sufficiency of the hearing evidence to establish a lawful plain-view seizure is unpreserved and without merit.

In his CPL 440.10 motion, and on appeal, defendant asserts that evidence that both of the officers who testified at his suppression hearing made false statements in other cases is highly valuable impeachment material, to which he was entitled under *Brady v Maryland* (373 US 83 [1963]) and *Giglio v United States* (405 US 150 [1972]). However, it is clear that the District Attorney did not have substantiated evidence regarding any misconduct committed by these officers in unrelated cases until, at the earliest, 1994, which was after defendant's 1993 plea of guilty and scheduled sentencing. The People are not required, pursuant to *Brady* or *Giglio*, to disclose to a defendant exculpatory information to which they have neither actual or imputed possession nor any kind of access (*People v Santorelli*, 95 NY2d 412, 421 [2000]; *Hernandez v Filion*, 2005 WL 3164063, 2005 US Dist LEXIS 29700 [SD NY 2005]).

The People acquired this information after the guilty plea, and defendant's principal argument rests on a theory that the duty to disclose exculpatory information extends beyond conviction. Under the circumstances of this case, we find no violation of the *Brady* doctrine arising from the People's failure to disclose information regarding the misconduct of these officers that was not in the People's actual or constructive possession until after defendant's guilty plea (and after his originally scheduled sentencing, which was postponed only because he absconded).

The question of the People's ethical responsibilities in the event of their postconviction discovery of evidence, of which they had no preconviction actual or imputed knowledge, and which tends to exonerate a defendant, especially one who had contested his guilt at a trial (*cf. Imbler v Pachtman*, 424 US 409, 427 n 25 [1976]; *People v Garcia*, 17 Cal App 4th 1169, 1179-1183, 22 Cal Rptr 2d 545, 550-553 [1993]; *see also Sanders v Sullivan*, 863 F2d 218 [2d Cir 1988] [due process implications of adjudication of guilt entirely on perjured testimony]), is not before us on this appeal. Instead, this case involves the prosecution's postconviction acquisition of impeachment material, relating to a Fourth Amendment issue, where a defendant chose not to litigate his guilt and does not contest it on appeal. Accordingly, we find no basis to either grant the suppression motion or order a new hearing.

We also reject defendant's argument that the motion to vacate judgment should be granted on theories other than *Brady*. The newly discovered evidence theory (CPL 440.10 [g]) applies only to convictions after trial. While the writ of error coram nobis may survive the enactment of the Criminal Procedure Law with

respect to matters the statute does not address (*see People v Bachert*, 69 NY2d 593 [1987] [ineffective assistance of appellate counsel]), the power to set aside a judgment on the basis of newly discovered evidence has been codified (*People v Taylor*, 246 AD2d 410, 411 [1998], *lv denied* 91 NY2d 978 [1998]). In any event, a newly discovered evidence motion was a statutory remedy even before the enactment of the Criminal Procedure Law, and it is questionable whether coram nobis was ever a proper vehicle for such a claim (*see People v Williams*, 34 AD2d 1046 [1970]). Finally, CPL 440.10 (1) (b) has no applicability to this case because there is no evidence that the judgment was procured by fraud (*see People v Drossos*, 291 AD2d 723, 724 [2002]). Concur—Saxe, J.P., Friedman, Marlow, Sullivan and McGuire, JJ.