*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 16, 2014                    105167
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

ANTHONY ROBINSON,
                        Appellant.
_____


Calendar Date:    September 11, 2014

Before:   Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____


        Tracy A. Donovan-Laughlin, Cherry Valley, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered March 5, 2012, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the third degree.

        Defendant was charged in an indictment with criminal sale of marihuana in the third degree stemming from his alleged sale of more than 25 grams of marihuana to a confidential informant (hereinafter CI).  Shortly before defendant's trial was scheduled to commence, it was discovered that defendant's assigned attorney had recently represented the CI in an unrelated criminal matter. At a conference concerning the apparent conflict, defense counsel suggested that the conflict of interest resulting from his previous representation of the CI could be avoided by precluding

the People from presenting the CI's testimony at trial. The People opposed this relief and, instead, asked the court to grant an adjournment and assign new counsel. County Court resolved the matter by relieving defendant's attorney, assigning new counsel to represent defendant and adjourning the trial for several weeks. At the conclusion of the jury trial that ensued, defendant was convicted as charged and sentenced as a second felony offender to two years in prison followed by a term of postrelease supervision. He now appeals.

County Court did not abuse its discretion in substituting assigned counsel against defendant's wishes.[1] A criminal defendant's right to counsel of his or her choice is not absolute and may properly be circumscribed where defense counsel's continued representation of the defendant would present a conflict of interest (see Wheat v United States, 486 US 153, 159-164 [1988]; People v Sides, 75 NY2d 822, 824 [1990]; People v Tineo, 64 NY2d 531, 536-537 [1985]; People v Arroyave, 49 NY2d 264, 270-271 [1980]). Here, upon learning of the CI's identity,[2] defendant's original assigned attorney informed the court that he possessed confidential information from his prior representation of the CI that would affect his ability to cross-examine that witness, thereby establishing the existence of an actual conflict of interest (see People v Tineo, 64 NY2d at 536-537; People v Hall, 46 NY2d 873, 874-875 [1979], cert denied 444 US 848 [1979]; People v Gordon, 272 AD2d 133, 134 [2000], lv denied 95 NY2d 890 [2000]). Faced with "the dilemma of having to choose between undesirable alternatives" in addressing the conflict (People v Tineo, 64 NY2d at 536), County Court's decision to assign new counsel and adjourn the trial rather than preclude the testimony of the CI altogether constituted a proper exercise of its broad

---

[1] We note that defendant makes no argument that he was deprived of the effective assistance of counsel at trial, only that he was deprived of the attorney of his choosing.

[2] Defendant provides no basis upon which we could conclude that the People failed to timely disclose the CI's identity or should have otherwise discovered the existence of the conflict at some earlier time.

discretion under the circumstances presented (see id.; People v Hall, 46 NY2d at 874-875; People v Gray, 21 AD3d 1398, 1399 [2005]; People v Segrue, 274 AD2d 671, 672-673 [2000], lv denied 95 NY2d 908 [2000]; People v King, 248 AD2d 639, 640 [1998], lv denied 91 NY2d 1009 [1998]; People v Mackey, 175 AD2d 346, 348 [1991], lv denied 78 NY2d 969 [1991]).

Nor are we persuaded that a juror who was suspected of sleeping during portions of County Court's preliminary instructions and a witness's testimony should have been discharged as "grossly unqualified" (CPL 270.35 [1]; see People v Buel, 53 AD3d 930, 931 [2008]; People v Simpkins, 16 AD3d 601, 601-602 [2005], lv denied 5 NY3d 769 [2005]). On both such occasions, County Court promptly conducted a "probing and tactful inquiry" of the juror in the presence of counsel (People v Cargill, 70 NY2d 687, 689 [1987]; see People v Buford, 69 NY2d 290, 299 [1987]; People v Busreth, 35 AD3d 965, 967 [2006], lv denied 8 NY3d 920 [2007]) and accepted the juror's assurances that he had not fallen asleep, had heard everything that had transpired and was able to continue serving as a juror. While defendant takes issue with the court's failure to ask certain questions of this juror, that contention is not preserved for our review inasmuch as defendant did not object to the court's inquiry (see People v Busreth, 35 AD3d at 967; People v Wright, 16 AD3d 1113, 1113 [2005], lv denied 4 NY3d 857 [2005]). Under these circumstances, there is no basis to disturb County Court's conclusion that the juror had not missed a significant portion of the trial and, as such, was not grossly unqualified to continue to serve as a juror (see People v Buel, 53 AD3d at 931; People v Wright, 16 AD3d at 1114; People v Bailey, 258 AD2d 807, 808 [1999], lv denied 93 NY2d 1001 [1999]; compare People v Snowden, 44 AD3d 492, 493 [2007], lv denied 9 NY3d 1039 [2008]; People v Adams, 179 AD2d 764, 765 [1992]).

To the extent not specifically addressed herein, defendant's remaining contentions have been considered and found to be without merit.

Lahtinen, Stein, Garry and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court