# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1047

KA 13-00311

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JOSEPH FISHER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 24, 2009. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]). He was originally sentenced to a term of incarceration, but Supreme Court thereafter granted that part of defendant's motion pursuant to CPL article 440 to set aside the sentence. The court resentenced him to six months' incarceration, which by that time had been served, and a term of probation of five years. In appeal No. 2, defendant appeals from a judgment revoking that probation and imposing a sentence of incarceration.

Defendant failed to preserve for our review his contention in appeal No. 1 that he was deprived of counsel of his choice at sentencing, inasmuch as "defendant did not voice any objection to his attorney's application to be relieved as defense counsel" (*People v Tineo*, 64 NY2d 531, 536; *see People v Sims*, 105 AD3d 415, 416, *lv denied* 21 NY3d 1009), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see Sims*, 105 AD3d at 416). His contentions with respect to the original sentence were rendered moot by the order setting aside that sentence and resentencing defendant (*see generally People v Clayton*, 38 AD3d 1131, 1131-1132, *lv denied* 9 NY3d 841).

We reject defendant's contention in appeal No. 2 that the sentence imposed upon the revocation of his probation is unduly harsh and severe.