■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN LAWRENCE, Appellant. [66 NYS3d 286]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered February 22, 2016, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was charged with murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree in connection with a shooting in Amityville, Suffolk County. Prior to the defendant's trial, the People alerted the County Court to the fact that defense counsel was a potential witness in the case because he had interviewed the People's main witness who had identified the defendant as a shooter, and in that interview the witness had recanted the identification. That interview was not witnessed by anyone else. As a concession, defense counsel agreed to forgo cross-examination of the witness regarding the interview. The defendant was informed of the issue and independent counsel was appointed to advise him on the issue. When court reconvened days later, the defendant indicated that he wished for his attorney to continue

to represent him but refused to waive any conflict. At that point, the People sought to have defense counsel relieved. The court declined. The defendant was convicted of murder in the second degree, two counts of attempted murder in the second degree, and criminal possession of a weapon in the second degree.

A determination to substitute or disqualify counsel falls within the trial court's discretion (*see People v Carncross*, 14 NY3d 319, 330 [2010]; *People v Tineo*, 64 NY2d 531, 536 [1985]). "That discretion is especially broad when the defendant's actions with respect to counsel place the court in the dilemma of having to choose between undesirable alternatives, either one of which would theoretically provide the defendant with a basis for appellate review" (*People v Tineo*, 64 NY2d at 536; *see People v Carncross*, 14 NY3d at 330; *People v Robinson*, 121 AD3d 1179, 1180 [2014]). Criminal courts faced with counsel who allegedly have a conflict of interest must balance two conflicting constitutional rights: the defendant's right to effective assistance of counsel, and the defendant's right to be represented by counsel of his or her own choosing (*see* US Const Sixth Amend; *People v Carncross*, 14 NY3d at 327; *People v Gomberg*, 38 NY2d 307, 312-313 [1975]).

Courts should not arbitrarily interfere with the attorney-client relationship, but must protect the defendant's right to effective assistance of counsel (*see People v Carncross*, 14 NY3d at 327; *People v Gomberg*, 38 NY2d at 313; *see also Wheat v United States*, 486 US 153, 159-160 [1988]). Thus, the court must satisfy itself that the defendant has made an informed decision to continue with counsel despite the possible conflict, yet avoid pursuing its inquiry too far so as not to intrude into confidential attorney-client communications or discussions of possible defenses (*see People v Gomberg*, 38 NY2d at 313; *see also Holloway v Arkansas*, 435 US 475, 487 [1978]). The presumption in favor of a client being represented by counsel of his or her choosing may be overcome by demonstration of an actual conflict or a serious potential for conflict (*see Wheat v United States*, 486 US at 164).

Here, defense counsel's actions of interviewing the prosecution's main witness alone and being the only person who could testify to the witness's recantation of his identification of the defendant as a shooter created an actual conflict of interest. Defense counsel was faced with the choice of testifying on behalf of his client, which would result in his disqualification, or not presenting evidence of an exculpatory statement (*see United States v Kliti*, 156 F3d 150 [2d Cir 1998]). Under the

circumstances, especially in light of the defendant's refusal to waive any conflict, the County Court erred in denying the People's application to relieve defense counsel.

Accordingly, the defendant is entitled to a new trial. Roman, J.P., Maltese, LaSalle and Barros, JJ., concur.