People v Smith (2021 NY Slip Op 04887)





People v Smith


2021 NY Slip Op 04887


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


665 KA 19-02350

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HUGH SMITH, ALSO KNOWN AS HUGH D. SMITH, JR., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 1, 2019. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted criminal possession of a weapon in the second degree (Penal Law
§§ 110.00, 265.03 [3]). In appeal No. 2, he appeals from a judgment convicting him, also upon his plea of guilty, of attempted promoting prison contraband in the first degree (§§ 110.00, 205.25 [2]). We agree with defendant that his waiver of the right to appeal in each appeal is invalid because Supreme Court "mischaracterized it as an 'absolute bar' to the taking of an appeal" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Brooks, 187 AD3d 1587, 1588 [4th Dept 2020], lv denied 36 NY3d 1049 [2021]).
Defendant failed to preserve for our review his contention in appeal No. 1 that the court erred in assigning new counsel to replace his initial assigned attorney (see People v Triplett, 149 AD3d 1592, 1593 [4th Dept 2017], lv denied 29 NY3d 1095 [2017]; see generally People v Tineo, 64 NY2d 531, 535-536 [1985]). In any event, the court did not abuse its discretion in replacing that attorney. Although a defendant has the right to continue to be represented by an assigned attorney with whom the defendant has developed a professional relationship, and courts may not interfere with that right arbitrarily (see People v Knowles, 88 NY2d 763, 766 [1996]; see also People v Arroyave, 49 NY2d 264, 270 [1980]), "[t]he right to counsel of choice . . . is not absolute. A criminal defendant does not have a categorical right to insist that a retained or assigned attorney continue to represent him" or her (People v Childs, 247 AD2d 319, 325 [1st Dept 1998], lv denied 92 NY2d 849 [1998]). Furthermore, it is well settled that trial courts generally have broad discretion to substitute counsel (see People v Robinson, 121 AD3d 1179, 1180 [3d Dept 2014]), and " '[t]hat discretion is especially broad when the defendant's actions with respect to counsel place the court in the dilemma of having to choose between undesirable alternatives, either one of which would theoretically provide the defendant with a basis for appellate review' " (People v Watson, 26 NY3d 620, 624 [2016], quoting Tineo, 64 NY2d at 536). It is also well settled that a defendant's right to be represented by counsel of his or her choosing "may be overcome by demonstration of an actual conflict or a serious potential for [*2]conflict" (id. at 625). Here, the court properly determined that counsel had an actual conflict of interest based on his representation of a witness who was planning to testify against defendant, and thus the court did not abuse its discretion in replacing that attorney with new counsel (see generally id. at 624-625; People v Carncross, 14 NY3d 319, 326-330 [2010]).
Defendant's sentence in each appeal is not unduly harsh or severe. Defendant's remaining contention in appeal No. 2 is academic in light of our determination.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court