People v Dirschberger (2024 NY Slip Op 04166)

People v Dirschberger

2024 NY Slip Op 04166

Decided on August 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 8, 2024

CR-23-0424
[*1]The People of the State of New York, Respondent.
v
Albert Dirschberger, Appellant.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Aidala Bertuna & Kamins, PC, New York City (Barry Kamins of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Aarons, J.
Appeal, by permission, from an order of the Supreme Court (Roger D. McDonough, J.), entered February 15, 2023 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of rape in the third degree and criminal sexual act in the third degree, without a hearing.
Defendant was charged by indictment with rape in the third degree and criminal sexual act in the third degree (see Penal Law §§ 130.05 [2] [d]; 130.25 [3]; 130.40 [3]), based upon allegations that he sexually assaulted his coworker (hereinafter the victim). In the run-up to trial, the People informed defendant that the victim began mental health counseling at Psychological Services of Western New York (hereinafter PSWNY) where she was diagnosed with posttraumatic stress disorder (hereinafter PTSD) in connection with the allegations against defendant, and defendant prepared a judicial subpoena for the victim's mental health records from PSWNY (hereinafter the postincident records). The People framed this information as a disclosure pursuant to Brady v Maryland (373 US 83, 87 [1963]), though the People had not reviewed the postincident records and maintained that those records were not exculpatory. The People requested that the postincident records be submitted for in camera review and that Supreme Court disclose only those records that were exculpatory (see generally Pennsylvania v Ritchie, 480 US 39, 57-60 [1987]; People v McCray, 23 NY3d 193, 198-202 [2014]). Defendant did not object to that request, and the court signed the subpoena.
The postincident records were received by Supreme Court but never disclosed to the parties. Defendant's trial counsel affirms that, prior to jury selection, he inquired of the court "whether its in camera review of the subpoenaed records had yielded anything that should be disclosed as . . . exculpatory material," and the court replied that its "review had not revealed any information that needed to be disclosed."[FN1] A jury trial ensued, after which defendant was found guilty as charged and sentenced to a term of imprisonment. This Court affirmed the judgment of conviction (185 AD3d 1224 [3d Dept 2020], lv denied 36 NY3d 1056 [2021]).
As part of discovery in the victim's civil action against him, defendant obtained the postincident records, which included a page indicating that the victim had received therapy from Supportive Solutions Counseling (hereinafter SSC) in 2017. Defendant had also obtained the victim's records from SSC (hereinafter the preincident records), confirming that she received services at SSC between May and September 2017. The preincident records include an unsigned June 2017 treatment plan indicating a diagnosis of PTSD.
Defendant moved to vacate the judgment of conviction on the ground that Supreme Court violated his due process rights by failing to disclose the postincident records, which would have revealed her postincident PTSD diagnosis and the fact that she had received [*2]mental health services at SSC in 2017 (see CPL 440.10 [1] [h]; Brady v Maryland, 373 US at 87). In support, defendant proffered an expert's opinion that individuals diagnosed with "pre-existing" PTSD stemming from "multiple, previous traumatic physical and/or sexual experience(s)" may misperceive or misinterpret a new sexual experience as "coercive." The People filed opposition, and the court denied the motion without a hearing. By permission, defendant appeals.
To establish a Brady violation, a defendant must show that the evidence is favorable to him or her because it is either exculpatory or impeaching in nature, the evidence was suppressed and prejudice arose because the suppressed evidence was material (see People v Roundtree, 220 AD3d 1049, 1052 [3d Dept 2023], lv denied 41 NY3d 985 [2024]; People v Slivienski, 204 AD3d 1228, 1239 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; see also People v McCray, 23 NY3d at 198). Brady applies to evidence that would impeach a prosecution witness "when the reliability of [that] witness may well be determinative of guilt or innocence" (People v Hoffman, 221 AD3d 1269, 1275 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 41 NY3d 965 [2024]; see People v Giuca, 33 NY3d 462, 473 [2019]). Thus, confidential mental health records may be used to impeach a witness with a diagnosed mental condition bearing on the witness's capacity to perceive and recall events (see People v Serrando, 184 AD2d 1094, 1095 [1st Dept 1992], lv denied 80 NY2d 837 [1992]; People v Knowell, 127 AD2d 794, 794 [2d Dept 1987]). A court reviewing mental health records in camera "has a measure of discretion in deciding whether records otherwise entitled to confidentiality should be disclosed" so long as there is no reasonable possibility that the withheld records would affect the trial outcome (People v McCray, 23 NY3d at 198).
As an initial matter, the preincident records (and, by extension, the expert's opinion based on those records) are irrelevant to defendant's Brady claim. There is no allegation that the People or their agents possessed those records or failed to disclose their knowledge of a preexisting diagnosis (see People v Santorelli, 95 NY2d 412, 421 [2000]; see also People v Seeber, 94 AD3d 1335, 1337 [3d Dept 2012]; People v Ortega, 40 AD3d 394, 395 [1st Dept 2007], lv denied 9 NY3d 992 [2007]).
Contrary to defendant's view, he cannot establish a Brady violation just by showing that the postincident records might have enabled him to subpoena the preincident records, as Supreme Court was not required to disclose those records to enable a "fishing expedition searching for some means of attacking the victim's credibility" (People v Horton, 181 AD3d 986, 989 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1045 [2020]). Defendant has not averred that the postincident records are favorable and material in their own right, and therefore Supreme Court was justified in denying [*3]defendant's CPL 440.10 motion without a hearing (see CPL 440.30 [4] [a], [b]).
Defendant's contention that Brady required Supreme Court to disclose the fact of the victim's preincident therapy because the People were required to disclose the postincident therapy is misguided. The People prudently disclosed the victim's postincident PTSD diagnosis despite believing that the underlying postincident records were not exculpatory (see generally Kyles v Whitley, 514 US 419, 439-440 [1995]), and there is no similar mention in the postincident records of a preexisting or chronic condition bearing on the victim's credibility (compare People v Kiah, 156 AD3d 1054, 1057 [3d Dept 2017], lv denied 31 NY3d 984 [2018]; People v Baranek, 287 AD2d 74, 79 [2d Dept 2001]). Further, "[t]he People had no affirmative duty to ascertain the extent of the [victim's] psychiatric history or obtain [her] records" (Matter of Johnson v Sackett, 109 AD3d 427, 429 [1st Dept 2013], lv denied 22 NY3d 857 [2013]). Therefore, neither did the court. In fact, upon learning of the PTSD diagnosis, it was defendant's duty in the first instance to request a subpoena for the victim's mental health records by demonstrating "a good faith basis for believing that the records contain[ed] data relevant and material to the determination of guilt or innocence"(People v Kiah, 156 AD3d at 1056 [internal quotation marks and citations omitted]; accord People v Sharlow, 217 AD3d 1120, 1122-1123 [3d Dept 2023], lv denied 40 NY3d 1013 [2023]). "In that regard, a history of treatment for a diagnosed mental condition is a sufficient basis warranting in camera review of a witness's mental health records to determine whether they contain relevant and material information bearing on the credibility of the witness that ought to be disclosed to the defendant" (People v Kiah, 156 AD3d at 1057 [citations omitted]). According to the transcript excerpt defendant supplied on the motion, his trial counsel simply drafted a subpoena seeking the postincident records to which the People consented.[FN2] The court's duty upon receiving the postincident records was just to review those records in camera for favorable, material evidence and weigh disclosure of that evidence against "the countervailing public interest in keeping certain matters confidential" (People v McCray, 102 AD3d 1000, 1005 [3d Dept 2013], affd 23 NY3d 193 [2014]; accord People v Hurst, 204 AD3d 1415, 1416 [4th Dept 2022], lv denied 38 NY3d 1071 [2022]).
Defendant's request to remit this matter to a different justice is academic. Defendant's remaining points, to the extent not covered above, have been considered and found to be meritless.
Garry, P.J., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: Defendant's trial counsel asserts that this discussion took place in open court, but it does not appear in any transcript.

Footnote 2: Defendant's trial counsel affirms that, before trial, he inquired with the prosecutor whether the victim had been receiving mental health treatment before defendant's crime, and, prior to defendant's subpoena of the postincident records, the prosecutor responded that the victim stated she had received no mental health treatment other than the one provider identified for subpoena purposes. Supreme Court stated in its order that it was unaware of this exchange, and counsel does not affirm that he asked the court about whether the postincident records disclosed prior mental health treatment (see Pennsylvania v Ritchie, 480 US at 59).