**UNITED STATES of America,**
**Appellee,**

v.

**Darnyl PARKER, Defendant–Appellant.**

**Docket No. 05–6991–CR.**

United States Court of Appeals,
Second Circuit.

Submitted Originally: Feb. 23, 2006.

Submission Completed: Sept. 29, 2006.

Decided: Nov. 14, 2006.

58

Mark J. Mahoney, Harrington & Mahoney, Buffalo, NY, for Defendant–Appellant.

Stephan J. Baczynski, Assistant United States Attorney, Western District of New York, for Appellee.

Ira M. Feinberg, Hogan & Hartson L.L.P., New York, NY, Amicus Counsel appointed by the Court.

Before: CABRANES, SOTOMAYOR and RAGGI, Circuit Judges.

SOTOMAYOR, Circuit Judge:

Defendant-appellant Darnyl Parker moves this Court to reinstate Mark J. Mahoney as his counsel under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(c) ("CJA"), after removal by the United States District Court for the Western District of New York (Arcara, C.J.) ("Western District"). We hold that the district court did not abuse its discretion in removing Mahoney and appointing new counsel to represent Parker after our remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). Because Mahoney is not a member of the Second Circuit CJA panel, we elect not to continue his representation of Parker on appeal of the district court's decision not to resentence following the *Crosby* remand.

## BACKGROUND

Most of the history of this case is comprehensively rehearsed in our recent decision in *United States v. Parker*, 439 F.3d 81 (2d Cir.2006) (*"Parker I"*). We therefore offer only the details necessary to understand the issues currently before us. Parker retained Mahoney to represent him in his criminal trial in the Western District. At the outset of the trial, pursuant to a local rule of the district court, Mahoney indicated that he had been "fully retained"[1] for the matter in which he represented Parker. *Id.* at 85. Mahoney represented Parker as retained counsel

---

1. As we discuss extensively in our earlier decision in this case, at an early stage of every criminal proceeding, the Western District has a policy of "seek[ing] an assurance that counsel has been 'fully retained' for the duration of the proceedings as a prerequisite to counsel's approved appearance on behalf of the accused." *Parker I*, 439 F.3d at 85. The pur-

pose of the policy, according to the district court, is "to prohibit an attorney from trying to limit his representation of a defendant to only a discrete stage of the criminal proceedings, as has occurred in the past." *Id.* at 102 (quoting *United States v. Parker*, No. 00–cr–0053A, 2004 WL 2095684, at *9 (W.D.N.Y. Sept.14, 2004)).

from the time of his initial appearance before the district court until the commencement of the trial on January 8, 2002, at which time Mahoney moved to be appointed as CJA counsel because, Mahoney claimed, payment of Parker's salary had ceased and he could no longer afford to pay his attorney. *Id.* at 86.[2]

The district court denied the motion for CJA appointment on March 4, 2002, relying both on a finding that Parker was not financially eligible for CJA counsel because he continued to draw his salary and on Mahoney's representation to the district court that he had been "fully retained" for the duration of the case. *Id.* at 87. Parker moved for reconsideration of this order on March 14, 2002. The district court denied the motion for reconsideration on May 20, 2002, but retroactively appointed Mahoney as Parker's CJA counsel, effective April 12, 2002, the date that Parker's salary was actually terminated. Parker appealed this partial appointment order, and this Court remanded to the district court to explain its rulings on Parker's CJA applications and to clarify the Western District's policy of securing a guarantee that counsel is "fully retained" in criminal matters. *See United States v. Parker*, 92 Fed App'x 26 (2d Cir.2004) (summary order). On remand, the district court held, *inter alia*, that Parker was financially ineligible for CJA appointment prior to April 12, 2002, and that the Western District's "fully retained" policy was compatible with the CJA. *See United States v. Parker*, No. 00–CR–0053A, 2004 WL 2095684 (W.D.N.Y. Sept.14, 2004). On appeal, this Court affirmed the decision of the district court, holding that the district

court had evaluated Parker's CJA applications appropriately, *see Parker I* at 93–99, and that the Western District's "fully retained" policy complied with the requirements of the CJA as long as it allowed mid-case appointments for eligible defendants as the "interests of justice" dictate, *see id.* at 99–109.

Mahoney continued to represent Parker as CJA counsel before this Court in appeals from Parker's criminal conviction and sentence, as well as from the district court's decisions on Parker's CJA applications discussed above. After we remanded Parker's case to the district court pursuant to *Crosby*, the district court determined that it would be preferable to appoint new counsel to represent Parker, primarily because the pending appeal of the district court's decisions on Parker's CJA applications—ultimately resolved in *Parker I*— was "an adversarial proceeding between Mr. Mahoney and the District Court stemming from this very case," which might engender a "perception or suggestion that the ongoing litigation between the Court and Mr. Mahoney might somehow be held against Parker himself." The district court noted that it had considered recusing itself, but found this option "inappropriate and impractical in light of the limited issue on remand—whether the Court would have imposed the same sentence on defendant Parker had it been aware that the Sentencing Guidelines were merely advisory. Only this Court can answer that question."

The district court had previously appointed the federal public defender ("FPD") to represent Parker, but the FPD

---

2. Parker was eventually convicted on ten counts and sentenced principally to 136 months' imprisonment. We affirmed Parker's conviction and sentence by summary order, *see United States v. Ferby*, 99 Fed. App'x 285 (2d Cir.2004), *amended and superseded by* 108 Fed App'x 676 (2d Cir.2004), but remanded the case to the District Court on March 25, 2005 for consideration of whether to resentence in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Crosby*.

withdrew due to a conflict of interest. In its July 28, 2005 order, the district court appointed Daniel Henry to replace Mahoney as Parker's CJA counsel, noting that Henry is "an experienced criminal defense attorney and is fully competent to represent Parker." Because the proceedings before the district court were limited to the issue of resentencing, the district court found "that defendant Parker will not be prejudiced by the appointment of Mr. Henry to represent him in connection with that matter." Parker, through Mahoney, moved the court for reconsideration of the order appointing Henry as counsel. This motion for reconsideration remained pending while Henry represented Parker in the *Crosby* remand proceedings before the district court. By order dated December 19, 2005, the district court denied Parker's motion for resentencing and his motion for reconsideration of Henry's appointment. The December 19 order reaffirmed the rationale for Henry's appointment given in the district court's July 28 order and underscored that, under the Western District's CJA plan, a defendant does not have the right to choose his appointed counsel. *See* United States District Court for the Western District of New York, Criminal Justice Act Plan § XI(I) (Apr. 5, 2001) ("Western District Plan"), *available at* http://www.nywd.uscourts.gov/document/CJAplan.pdf. On December 28, 2005, Parker filed two notices of appeal— one prepared by Henry and one prepared by Mahoney—of the district court's ruling denying resentencing.[2]

On February 23, 2006, Mahoney moved this Court on Parker's behalf to be reinstated as Parker's CJA counsel on appeal of the district court's denial of the motion to resentence. Mahoney argued not only that Parker was entitled to continuity of counsel, but also that denying his motion would "put [Henry] in the position of arguing that he was improperly appointed" because the district court's substitution of counsel would inevitably be an issue on appeal. Henry filed an affidavit in support of this motion, noting that he had "no objection to the Court granting the relief sought herein." We appointed *amicus* curiae counsel to represent the position of the district court with respect to the motion.[3] *Amicus* submitted a brief taking no position as to whether Mahoney should be appointed CJA counsel for Parker on appeal. The government also took no position with respect to the motion, recognizing that "the decision of assigning counsel to represent indigent defendants is one that rests with the Court," and concluding that it saw "no principled basis for opposing the appellant's motion." Mahoney submitted a lengthy reply memorandum in further support of the motion seeking his reinstatement.

As Parker articulates it in his motion, the question before this Court is whether he should "be allowed to proceed with the same lawyer who was appointed to represent him on three appeals before this court

---

**2.** There is some dispute as to this sequence of events. *Amicus* contends that the district court instructed Henry to file a notice of appeal in Parker's case to ensure that the defendant's rights were protected. Mahoney contends that he filed the notice of appeal for Parker, and that the district court only instructed Henry to file a notice of appeal once it learned of Mahoney's filing "to insure that Henry, and not anyone else, would remain as Parker's CJA counsel thereafter." Whatever the precise chronology, it remains clear that, at the time Henry filed Parker's notice of appeal, "Mahoney was not counsel of record and a notice filed by counsel [Henry] might be required to make sure Parker's right to appeal was protected."

**3.** We thank *amicus* counsel for his able representation of the district court's position in this matter.

and who was his attorney on this matter when it was remanded to the district court, especially since this appeal now also involves the question of Parker's right to counsel." Framed in this manner, Parker's motion requires us to consider (1) whether the district court appropriately substituted Henry for Mahoney as Parker's CJA counsel and (2) whether Mahoney should be appointed by this Court as Parker's CJA counsel for his appeal of the district court's denial of his motion to resentence.

## DISCUSSION

### A. The District Court's Appointment of Henry

■ We review a district court's decision to substitute counsel for abuse of discretion. *See United States v. John Doe No. 1*, 272 F.3d 116, 122 (2d Cir.2001).

■ There is no constitutional right to continuity of appointed counsel. *See generally Morris v. Slappy*, 461 U.S. 1, 11–13, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (noting that there is no right to a "meaningful attorney-client relationship"). While the criminal defendant does of course retain some interest in continuous representation, courts are afforded considerable latitude in their decisions to replace appointed counsel, and may do so where a potential conflict of interest exists, *United States ex rel. Stewart v. Kelly*, 870 F.2d 854, 857 (2d Cir.1989), and "in the interests of justice," 18 U.S.C. § 3006A(c), among other circumstances. The Western District Plan specifically provides that "[t]he Judge before whom a case is pending may, in the interest of justice, substitute one appointed counsel for another at any stage of the proceedings." Western District Plan § XI(O).

■ In its decision and order appointing Henry to represent Parker, the district court noted several grounds for terminating Mahoney's representation. The court explicitly recognized Mahoney's representation of Parker "at trial and in connection with his appeal," and noted that Parker's appeal of certain district court rulings on his CJA applications, which also included a challenge to the Western District's CJA policies more generally, was pending before this Court. In light of these adversarial proceedings, the district court concluded that substitution of counsel was necessary "so as to eliminate any perception or suggestion that the ongoing litigation between the Court and Mr. Mahoney might somehow be held against Parker himself." The court then considered the alternative tack of recusing itself, but rejected that option as "inappropriate and impractical." Finally, the court considered the effects of its substitution order on Parker, and found that he would not in any way be prejudiced because Henry was experienced as a criminal defense attorney.

We conclude that the district court did not abuse its discretion when it substituted Henry for Mahoney while Mahoney's challenges to the district court's CJA rulings and the Western District's "fully retained" policy (brought nominally on Parker's behalf) were pending before this Court. The Supreme Court has opined that, "[t]o work effectively, it is important that society's criminal process satisfy the appearance of justice." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (internal quotation marks omitted). It was not unreasonable for the district court to conclude that the "appearance of justice" would be preserved in this case by removing Mahoney as Parker's counsel for the limited *Crosby* remand while Mahoney's appeal was *sub judice*. While recusal might have been a preferable alternative in other circumstances, the unique nature of the *Crosby* remand, which asks whether a judge would

have imposed the same sentence had he or she known that the Sentencing Guidelines were advisory, *see Crosby,* 397 F.3d at 117–18, counseled against that course of action.[4]

Mahoney's argument that Henry's appointment by the district court places him in the awkward position of having to argue that he was improperly appointed is unavailing. At this Court's request, Mahoney has already briefed the argument that Henry's appointment was in error. Consequently, it will be unnecessary for Henry to argue, when challenging the merits of the district court's *Crosby* remand ruling, that he was improperly appointed by the district court. Neither Mahoney nor Henry has expressed any intention to argue on appeal that Henry's assistance to Parker on the *Crosby* remand was constitutionally ineffective—an argument that might indeed put Henry in an awkward position. We therefore find no grounds upon which to disapprove of the district court's appointment of Henry.

*B. Mahoney's Motion to Be Appointed CJA Counsel on Appeal after Remand*

■■■ Mahoney also moves this Court to appoint him CJA counsel for his appeal of the district court's denial of his motion to resentence. As discussed above, it is clear that an indigent defendant is not entitled to counsel of his or her choosing. *See Green v. Abrams,* 984 F.2d 41, 47 (2d Cir.1993) ("[A]n indigent defendant has no right to choose the particular counsel appointed to represent her."). It is equally clear that the assignment of counsel to an indigent defendant under the CJA is a task commended to the court in which the proceedings occur. *See* 18 U.S.C. §§ 3006A(a)-(b). This Court's Amended Plan to Implement the Criminal Justice

Act of 1964 makes clear that membership on the panel from which CJA attorneys are chosen is accorded only to those who meet the stringent criteria we have established for our own Court. *See* United States Court of Appeals for the Second Circuit, Amended Plan to Implement the Criminal Justice Act of 1964 § VI.B–C (Jan. 1, 2006), *available at* http://www.ca2. uscourts.gov/Docs/CJA/ CJA_plan.pdf ("Second Circuit CJA Plan"). Membership on the panel and appointment under the CJA are privileges, not entitlements. As the Second Circuit CJA Plan makes clear, "[t]he selection of counsel shall be the sole and exclusive responsibility of the Court, and no CJA applicant or CJA client will be permitted to select his or her own attorney from the Panel or otherwise; and no attorney or CJA Panel member shall have the right to be selected to represent a CJA applicant or CJA client." *Id.* § VII.A. While we recognize the important public service performed by attorneys willing to represent indigent defendants, we also recognize this Court's paramount interest in effectively implementing the CJA to ensure that legal services in this Circuit "will be performed with devotion and vigor so that the lofty ideal—equality before the law for all persons—will be achieved." *Id.* § II.

We note that Henry, and not Mahoney, represented Parker before the district court after the *Crosby* remand. Accordingly, we find no reason to appoint Mahoney to represent Parker on appeal to this Court. Mahoney is not a member of this Court's CJA panel, and is therefore presumptively ineligible for CJA appointment on appeal. *See id.* § VII.A. The Second Circuit CJA Plan includes a provision for the *pro hac vice* appointment of a non-panel-member attorney "in the interest of

4. We also note that Mahoney points to no evidence that the district court's decision to replace him with Henry, an experienced crim-inal defense attorney, was motivated by any animus or vindictiveness towards him or his client.

justice, judicial economy, or some other compelling circumstance warranting such appointment." *Id.* § VII.B. We find that Mahoney's appointment is not compelled by justice, judicial economy or any other interest. Because Henry briefed and argued the motion to resentence below, he is the natural choice to brief and argue the denial of that motion on appeal.

## CONCLUSION

For the foregoing reasons, we hold that the district court did not abuse its discretion in substituting Henry for Mahoney as Parker's CJA counsel, and we decline to appoint Mahoney as CJA counsel for Parker's appeal of the district court's denial of his motion to resentence. Accordingly, Parker's motion to continue the appointment of Mahoney, his prior appellate counsel, is DENIED. Henry shall continue as Parker's CJA counsel for purposes of this appeal. The Clerk of Court shall set a briefing schedule for adjudication of the remaining issues on appeal.