See also, 469 F.3d 57.

**UNITED STATES of America,
Appellee,**

v.

**Darnyl PARKER, Defendant–Appellant.**

No. 05–6991–cr.

United States Court of Appeals,
Second Circuit.

Nov. 27, 2007.

Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

Daniel J. Henry Jr., Villarini & Henry, L.L.P., Hamburg, N.Y., for Defendant–Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

On March 25, 2005, we remanded Defendant–Appellant Darnyl Parker's sentencing claim to the United States District Court for the Western District of New York, pursuant to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Parker now appeals from a December 19, 2005 district court order (Arcara, J.) denying his motion for resentencing. We assume the parties' familiarity with the relevant procedural history, facts, and issue on appeal.

Under 18 U.S.C. § 3742(a) we may review sentences allegedly imposed in violation of the law. *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). We examine *de novo* a district court's interpretation of the Sentencing Guidelines, and we evaluate its findings of fact for clear error. *United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006). We review sentences for "reasonableness," including sentences that district courts have declined to alter following *Crosby* remand. *United States v. Williams,* 475 F.3d 468, 474 (2d Cir.2007). In reviewing for reasonableness, we apply no *per se* rules as to the reasonableness of a sentence within or

without the applicable Guideline range. *Crosby,* 397 F.3d at 115.

■ Parker argues that in deciding whether to grant his motion for resentencing, the District Court continued to rely on, and "follow[ ] … to the 'letter,'" the drug quantity table of the Sentencing Guidelines. There are no indications in the record, however, that Judge Arcara treated the Guidelines as mandatory or otherwise misunderstood or misapplied the sentencing laws. To the contrary, Judge Arcara appears to have reconsidered the entire record in light of the written submissions of the parties and the current advisory sentencing regime. Moreover, Judge Arcara explicitly noted factors— other than the amount of drugs involved— that counseled in favor of the 136–month sentence previously imposed, including Parker's leadership role in the offenses of conviction, his abuse of a position of trust, and his obstruction of justice. To the extent that Judge Arcara did take into account the Guidelines' position on the quantity of drugs involved, he committed no error. *See Fernandez,* 443 F.3d at 28 (characterizing the Guidelines as a benchmark or point of departure in the post-*Booker* world).

■ Parker also contends that his sentence is unreasonable because the evidence does not support a finding of conspiracy with intent to distribute 500 grams of cocaine. We have already considered a sufficiency of the evidence challenge to Parker's conviction. *See United States v. Ferby,* 108 Fed.Appx. 676, 681 (2d Cir. 2004). Accordingly, the law of the case doctrine forecloses relitigation of the issue. *United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir.2002).

Last, Parker argues that the District Court erred in *sua sponte* appointing another counsel, over Parker's objections, to represent Parker in his motion for resen-

tencing and the subsequent appeal. A motions panel of our Court has already heard and rejected Parker's claim. *United States v. Parker*, 469 F.3d 57 (2d Cir.2006) (unpublished order). We will not review that decision.

We have considered all of the appellant's arguments and find them without merit. Accordingly, the sentence imposed by the District Court is AFFIRMED.