UNITED STATES of America,
Appellee,

v.

Joseph GENUA, Angelo DiPietro, Michael Pizzuti, Angelo Capalbo, Harold Bringman, Defendant–Appellants.

Nos. 06–1687–cr, 06–2677–cr, 06–2875–cr, 06–3351–cr, 06–3395–cr.

United States Court of Appeals, Second Circuit.

April 22, 2008.

**54**

Denis Patrick Kelleher, Kelleher & Dunne LLP, New York, N.Y., for Defendant–Appellant Joseph Genua.

William I. Aronwald, Aronwald & Pykett, White Plains, N.Y., for Defendant–Appellant Angelo DiPietro.

Brendan White, White & White (Diarmuid White, on the brief), New York, N.Y., for Defendant–Appellant Michael Pizzuti.

Marc Fernich (Debra A. Karlstein, on the brief), New York, N.Y., for Defendant–Appellant Angelo Capalbo.

Susan G. Kellman, Brooklyn, N.Y., for Defendant–Appellant Harold Bringman.

Timothy J. Treanor and Eric B. Bruce, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York (Chi T. Steve Kwok and Jonathan S. Kolodner, of counsel), New York, N.Y., for Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Joseph Genua, Angelo DiPietro, Michael Pizzuti, Angelo Capalbo, and Harold Bringman appeal from their convictions and sentences in the United States District Court for the Southern District of New York (Kram, *J.*) on numerous counts arising out of the extortion of John Perazzo, robberies in New York and Florida, and loansharking. We assume the parties' familiarity with the facts, issues on appeal, and procedural history of the case.

Appellant DiPietro claims that his counsel, who had previously also represented Appellant Bringman, was improperly disqualified. We review a disqualification decision for abuse of discretion, *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir.1993), and we find none here. *See United States ex rel. Stewart v. Kelly*, 870 F.2d 854, 857 (2d Cir.1989) (no abuse of discretion where a district court disqualified counsel from representing a client where "[t]here was no guarantee that [the client's] interests could be served without vigorous cross-examination of [a former client of that attorney] in a manner wholly inconsistent with the [former client's] interests").

DiPietro also argues that one of his two convictions for possession of a firearm in furtherance of an extortion, in violation of 18 U.S.C. § 924(c), must be vacated, because the two were based on a single unit of prosecution. *See United States v. Wallace*, 447 F.3d 184, 187–88 (2d Cir. 2006) (holding that multiple convictions under § 924(c) cannot be based on offenses forming a single "unit of prosecution"). But the underlying offenses here formed two distinct units of prosecution—they comprised different extortion offenses, on different dates, in different places. Accordingly, the two § 924(c) convictions can both stand.

DiPietro moreover asserts that the court impermissibly refused to hear his counsel's objections to the jury charge. But the court allowed defense counsel to make objections on several occasions. The court is not required to listen to the same objection as many times as counsel cares to raise it.

*See* Fed.R.Crim.P. 30(d) ("*An* opportunity must be given [to the defendant] to object [to a jury charge] out of the jury's hearing . . . ." (emphasis added)).

■ Appellant Genua argues that he was improperly prevented from raising a *Batson v. Kentucky,* 476 U.S. 79, 96–98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge to the Government's use of peremptory strikes during *voir dire.* Defense counsel said that he was "going to . . . make a *Ba[t]son* challenge," at which point the court asked him to wait, as it had other matters to attend to first. Counsel never mentioned the challenge again. Under these circumstances, we find that the *Batson* challenge was voluntarily abandoned.

Genua argues that several statements by the Government in its summation were impermissibly prejudicial. In making this argument, he "face[s] a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right to a fair trial." *Locascio,* 6 F.3d at 945. He has not carried this burden.

■ Genua also claims that the district court erred in enhancing, pursuant to U.S.S.G. § 2B3.2(b)(3)(A)(iii), his Sentencing Guidelines offense level by five points for possession or brandishing of a firearm. A defendant can be held accountable in sentencing for the acts of a coconspirator, so long as " 'the acts were within the scope of the defendant's agreement and . . . they were foreseeable to the defendant.' " *United States v. Johnson,* 378 F.3d 230, 238 (2d Cir.2004) (quoting *United States v. Studley,* 47 F.3d 569, 574 (2d Cir.1995)). Appellant bears the burden of demonstrating that he could not reasonably have foreseen that firearms would be used. *United States v. Martinez–Rios,* 143 F.3d 662, 677 (2d Cir.1998). He has not carried this burden.

■ Appellants all assert that the district court's dismissal of the jury pool before the jury was sworn constitutes reversible error. We review this claim, too, for abuse of discretion. *United States v. Stewart,* 433 F.3d 273, 303 (2d Cir.2006). One of Appellants' co-defendants collapsed in court, moaning in pain, in full view of jurors and potential jurors. Several defense attorneys rushed to his aid, while the prosecutors did not. One defense attorney yelled to an FBI agent, in the presence of the jury, "[D]idn't they teach you CPR at the FBI Academy?" *United States v. Dipietro,* 385 F.Supp.2d 377, 378 (S.D.N.Y. 2005). The trial court was in the best position to assess the likely impact of this event on the venire, *see Uttecht v. Brown,* — U.S. ——, 127 S.Ct. 2218, 2224, 167 L.Ed.2d 1014 (2007), and we do not find any abuse of discretion in its decision to dismiss the pool.

Various Appellants raise challenges to the sufficiency of the evidence against them. A defendant challenging the sufficiency of the evidence underlying a criminal conviction bears a "heavy burden," *United States v. Gaskin,* 364 F.3d 438, 459 (2d Cir.2004) (internal quotation marks omitted), because this Court "must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *Id.* This Court also "resolve[s] all inferences from the evidence and issues of credibility in favor of the verdict." *United States v. Howard,* 214 F.3d 361, 363 (2d Cir.2000). In short, "[r]eversal is warranted only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *Gaskin,* 364 F.3d at 459–60. None of the sufficiency-of-the-evidence challenges meet this high bar.

Several Appellants also challenge the district court's decisions to admit certain evidence against them. We review eviden-

tiary rulings for abuse of discretion, *United States v. Taubman,* 297 F.3d 161, 164 (2d Cir.2002) (per curiam), and we find none.

We have considered all of Appellants' other arguments, and we find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.